UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD WATKINS, #189545,

      Petitioner,

vs.

RANDEE REWERTS,

      Respondent.

_____/

Civil Action No. 00-CV-72648

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER (1) DIRECTING THE CLERK OF COURT TO REOPEN THE CASE, (2) DENYING PETITIONER'S RULE 60(b) MOTION, (3) DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, (4) DENYING PETITIONER'S MOTION TO STAY, AND (5) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR TO GRANT LEAVE TO APPEAL IN FORMA PAUPERIS

This matter is presently before the Court on remand from the United States Court of Appeals for the Sixth Circuit to adjudicate petitioner's Rule 60(b) motion for relief from judgment. For the reasons stated below, the Court orders the Clerk of Court to reopen the case on the Court's active docket. Petitioner's motions are denied, and the Court declines to issue a certificate of appealability or to grant leave to proceed on appeal in forma pauperis.

**I. Background**

Petitioner commenced this action in 2000 by filing a petition for a writ of habeas corpus in which he raised the same four issues that he had raised in the state courts in his post-conviction motion for relief from judgment. In 2001, the Court denied the petition on the grounds that the claims raised were procedurally defaulted. *See Watkins v. Straub*, No. 00-CV-72468 (E.D. Mich. June 25, 2001). In 2004, the Sixth Circuit remanded the case because that determination rested on an incomplete factual record, as respondent had not fully complied with

his responsibility to file a complete state court record. *See Watkins v. Straub*, 90 F. App'x 93 (6th Cir. 2004).

On remand, the Court ordered respondent to file all of the Rule 5 materials. After respondent did so, the Court again denied habeas relief on the grounds that all of petitioner's claims were procedurally defaulted. *See Watkins v. Straub*, No. 00-CV-72648, 2007 WL 1098528 (E.D. Mich. Apr. 12, 2007), *appeal dismissed*, No. 07-1591 (6th Cir. Dec. 10, 2007), *cert. den*. 555 U.S. 951 (2008). In 2017, the Sixth Circuit denied petitioner permission to file a successive petition for a writ of habeas corpus. *See In Re Donald Watkins*, No. 17-1820 (6th Cir. Dec. 27, 2017).

In January 2019, petitioner filed a "Petition to Relate Back or for Independent Action" in this Court based on Fed. R. Civ. P. 15(c) or 60(d)(1). The Court determined that the petition was a second or successive habeas petition and transferred it to the Sixth Circuit pursuant to *In re Sims*, 111 F.3d 45 (6th Cir. 1997). The Sixth Circuit has analyzed this petition as follows:

> In January 2019, Watkins filed a "Petition to Relate Back or for Independent Action" in the district court based on Federal Rule of Civil Procedure 15(c) or 60(d)(1). The district court determined that the petition was second or successive and transferred it to this court. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam). Watkins then filed a corrected second or successive motion in this court arguing that the denial of his habeas petition in 2007 was erroneous because: (1) The district court violated his due-process rights in determining that his claims were procedurally defaulted even though the state has still failed to produce copies of two post-trial motions under Rule 5 of the Rules Governing § 2254; (2) the district court violated his due-process rights by failing to order the State to provide a transcript of an evidentiary hearing conducted on February 12, 1987 regarding an incriminating statement he made to police; and (3) the district court violated the "principle of party presentation" by substituting his claims with its own interpretation of them[.]

> As an initial matter, Watkins attempts to relate his motion back to his original habeas petition more than ten years after it was

denied. The Supreme Court explained in *Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005), that a motion for relief from judgment under Rule 60(b) may be filed in a proceeding seeking habeas relief only to argue a defect in that proceeding and not to reassert the substance of the original claims or assert a new claim. A "claim" is "an asserted federal basis for relief from a state court's judgment of conviction." *Id*. at 530. Watkins does challenge the district court's conclusion that the claims in his original habeas petition were procedurally defaulted, which could be an argument properly brought under Rule 60(b) and does not require second or successive approval. *See id*. at 532 n.4. (That Watkins attempted to bring an independent action in equity pursuant to Rule 60(d)(1), not a Rule 60(b) motion, does not change what types of claims require second or successive approval.) Because we cannot decide that argument ourselves in the first instance, we transfer that portion of the case back to the district court. *See United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007).

However, Watkins' claim regarding the alleged failure of the State to provide a transcript of an evidentiary hearing concerns entirely new substantive claims that he was denied counsel at a critical stage of the proceedings and that the state deliberately concealed the fact that the trial court had ordered his incriminating statement suppressed. In addition, he makes substantive arguments that the district court misconstrued his evidentiary claims. These are new "claims," which were properly transferred to this court as second or successive.

We authorize the filing of a second or successive habeas petition only if the applicant makes a prima facie showing that the petition contains a new claim that relies on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) new facts that could not have been discovered earlier through the exercise of reasonable diligence and that, "if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2), (b)(3)(C). "'Prima facie' in this context means...sufficient allegations of fact together with some documentation that would 'warrant a fuller exploration in the district court.'" *In re McDonald*, 514 F.3d 539, 544 (6th Cir. 2008) (quoting *In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004)).

Watkins fails to make a prima facie showing. He does not

rely on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable. He also presents no new evidence that would establish that no reasonable factfinder would have found him guilty of the offense. 28 U.S.C. § 2244(b)(2).

Accordingly, we DENY Watkins's motion for an order authorizing the district court to consider a second or successive 28 U.S.C. § 2254 petition for a writ of habeas corpus. We TRANSFER Watkins' challenge to the procedural default of his habeas petition to the district court.

*In re Donald Watkins*, No. 19-1105, at 2-4 (6th Cir. Aug. 6, 2019).

## II. Discussion

The Court may order that a dismissed habeas petition be reinstated when necessary to adjudicate further issues. *See, e.g., Rodriguez v. Jones*, 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). In light of the Sixth Circuit's directive, the Clerk of Court is ordered to reopen the case.

In his Rule 60(b) motion, petitioner argues that this Court erred in procedurally defaulting his claims. The Court rejects this motion as untimely. Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Petitioner's contention that this Court erred in procedurally defaulting his claims clearly falls within subsection (1). However, Rule 60(c)(1) states: "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." The Sixth Circuit has categorically stated that "[r]egardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment." *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) (citing *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 384 (6th Cir. 1991)). The Sixth Circuit has held that the one-year time limit for filing a Rule 60(b)(1) motion may be disregarded when petitioner claims actual innocence and a miscarriage of justice would occur if the time limit were to be enforced, *see Penney v. United States*, 870 F.3d 459, 463 (6th Cir. 2017), but this is not such a case. Petitioner's motion is untimely and it does not fall within the actual-innocence exception. Petitioner's Rule 60(b) motion is therefore denied.

The Court shall also deny petitioner's motion for appointment of counsel. Because petitioner's Rule 60(b) motion is denied and the Sixth Circuit has denied petitioner permission to file a second or successive petition, appointment of counsel would serve no purpose. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004) (noting that "the appointment of counsel would be futile and would not serve the interest of justice" when petitioner's claim lacks merit).

Petitioner has also filed a motion to hold the case in abeyance so that he may return to the state courts to correct the state court record. Petitioner claims that the state appellate court record is incorrect, and he wishes to file a motion to have the state courts correct it in order to advance his argument that his claims are not procedurally defaulted. The Court shall deny this motion because it would be futile to do so given that petitioner's Rule 60(b) motion is untimely. *See*

*Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1001-02 (6th Cir. 2006) (finding it futile to permit petitioner to amend his petition to add a time-barred claim).

### III. Conclusion

For the reasons stated above,

IT IS ORDERED that the Clerk of Court reopen the case to the Court's active docket.

IT IS FURTHER ORDERED that petitioner's Rule 60(b) motion for relief from judgment [docket entry 114] is denied.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel [docket entry 117] is denied.

IT IS FURTHER ORDERED that petitioner's motion to stay the petition [docket entry 118] is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue because petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because any appeal in this matter would be frivolous.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: March 25, 2020                     Senior United States District Judge
       Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 25, 2020.

Donald Watkins, #189545                     s/Johnetta M. Curry-Williams
Carson City Correctional Facility           Case Manager
10274 E Boyer Road
Carson City, MI 48811